[No. 6923.   Decided April 8, 1908.]

CHARLES F. STOKES *et al.*, *Appellants*, v. C. F. CURTIS *et al.*, *Respondents.*[1]

BOUNDARIES—ASCERTAINMENT—EVIDENCE—SUFFICIENCY. There is sufficient evidence of the location of a disputed boundary line, the starting point of which was given as the center of F. street in a town plat, 823.5 feet north of a certain government corner, where it appears that the center of F. street is 823.5 feet north of the center of S. street, as given by the plat, the accuracy of the plat not being disputed, and that the government stake originally stood in the center of S. street, although it has long since disappeared.

SAME—DESCRIPTION—CALLS—DISCREPANCIES. Where a description first calls for the north boundary of the tract as at the center of a street, and runs thence south a certain number of feet to a railroad right of way for the south boundary, the first call prevails over the last call in determining the location of the north boundary, where there is a shortage between the two boundaries.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 4, 1907, upon findings in favor of the defendants, after granting a nonsuit in an

[1]Reported in 94 Pac. 1083.

action to recover the possession of real property, and to quiet title. Reversed.

*H. S. Stoolfire* and *Lloyd E. Gandy*, for appellants.

*Peacock & Ludden*, for respondents.

CROW, J.—This is an action to recover possession of a strip of land thirty feet in width by five hundred in length, the title to which is claimed by the plaintiffs, Charles F. Stokes and Sarah A. Stokes, his wife, and from which they allege they have been unlawfully ousted by the defendants, C. F. Curtis and Amelia M. Curtis, his wife. A nonsuit having been granted, the trial judge made findings of fact, and entered a decree in favor of defendants. The plaintiffs have appealed.

The only question before us is whether the appellants were entitled to a denial of the motion for a nonsuit. They own a tract of land immediately north of one owned by the respondents. Both parties claim title through the partition of one entire tract made by the superior court of Spokane county in an action wherein C. E. Nosler was plaintiff and Maggie A. Nosler, Myrtle C. E. Nosler, and Hale R. Nosler were defendants. The evidence shows that by such partition the following tract was decreed to Hale R. Nosler, from whom appellants deraign title:

"Beginning at a point on the west line of the west half (W. ½) of the southeast quarter (S. E. ¼) of section thirteen (13), township twenty-five (25) north, of range forty-three, east of the Willamette Meridian, eight hundred and twenty-three and five-tenths (823.5) feet north of the southwest corner of the southwest quarter (S. W. ¼) of the southeast quarter (S. E. ¼) of said section, said point being in the center of First street in said 'East Spokane,' thence north five hundred and sixty-one and five-tenths (561.5) feet, more or less, to the center of Second street in said 'East Spokane,' thence east eighty (80) rods, more or less, to the east line of said west half (W. ½) of the southeast quarter (S. E. ¼) of said section, thence south five hundred and sixty-one and

five-tenths (561.5) feet to a point east of the place of beginning, thence west eighty (80) rods, more or less, to the place of beginning."

That the following tract was decreed to Myrtle C. E. Nosler from whom the respondents deraign title:

"Beginning at a point on the west line of the southwest quarter (S. W. ¼) of the southeast quarter (S. E. ¼) of section thirteen (13), township twenty-five (25), north of range forty-three (43), east of the Willamette Meridian, two hundred and ninety-two (292) feet north of the southwest corner of said southwest quarter (S. W. ¼) of the southeast quarter (S. E. ¼), thence north five hundred and thirty-one and five-tenths (531.5) to the center of First street as shown by the plat of 'East Spokane,' thence east eighty (80) rods, more or less, to the east line of said southwest quarter (S. W. ¼) of the southeast quarter (S. E. ¼), thence south five hundred and thirty-one and five-tenths (531.5) feet, more or less, to the right of way of the Washington and Idaho Railroad Company, thence west on the north line of said right of way eighty (80) rods, more or less, to the place of beginning."

That the line between these tracts is in dispute, the same being the south line of appellants' and the north line of respondents' land, and that respondents have fenced and taken possession of a strip which they claim to be their north thirty feet, but which the appellants claim to be their south thirty feet.

An examination of the descriptions above set forth clearly shows that a line extended east from the center of First avenue in East Spokane is the true dividing line; that all land north thereof belongs to the appellants, and that all south thereof belongs to the respondents. A nonsuit having been granted, we are called upon to determine, (1) whether the appellants' evidence was sufficient to show the exact location of this line, and (2) whether the respondents have wrongfully taken possession of any land north thereof.

The record shows that the partitioned land was immediately east of, and adjacent to, an addition known as East Spokane, in which First and Second streets were platted and located; that a copy of the official plat of East Spokane was ad-

mitted in evidence; that its verity was not questioned; that the United States government stake at the southwest corner of the southwest quarter of the southeast quarter of section 13, 25, 43, had been originally at a point in the center of what is now the intersection of Sprague and Cleveland streets in the city of Spokane, although the original stake has long since disappeared; that the description of respondents' land commenced at a point on the west line of the southwest quarter of the southeast quarter of section 13, two hundred and ninety-two feet north from this stake; that his west line runs thence north five hundred and thirty-one and five-tenths feet to the center of First street as shown on the plat of East Spokane; that the center line of First street extended east is respondents' north boundary; that the description of appellants' land commences at a point on the west line of the west half of the southeast quarter of section 13, eight hundred and twenty-three and five-tenths feet north of the stake at a point in the center of First street, and extends north five hundred and sixty-one and five-tenths feet to the center of Second street in East Spokane; that their land is therefore located between a line extended east from the center of First street as their south boundary and a line extended east from the center of Second street as their north boundary; that the distances on the plat of East Spokane, the accuracy of which is not disputed, show the center of First street to be eight hundred and twenty-three and five-tenths feet north of the, original location of the government stake; and that the respondents' fence is thirty feet north of a line extended due east therefrom.

Upon this evidence the trial court erred in granting the nonsuit. Being undisputed it was sufficient to locate the center of First street, and to show that the respondents had placed their fence north thereof. If the parties had caused a line to be surveyed and extended running due east from the center of First street in East Spokane, they would have definitely located the true boundary line between them in exact accordance with the respective descriptions by which the original

tract had been partitioned. The exact point to be determined was the center of First street on their west boundary line. The appellants introduced evidence locating this point sufficient to call for evidence in rebuttal.

The respondents, by reason of the fact that the right of way of the Washington and Idaho Railroad Company is mentioned in the latter portion of their description as their south line, claim that they are entitled to a strip of land five hundred and thirty-one and five-tenths feet wide, north of such right of way, and that such strip would extend to the point where they have located their north boundary fence. The right of way of the railroad company is the last call mentioned in their description, which previously mentions the center of First street, and fixes the line running east therefrom as their north boundary. If there is any discrepancy in these two calls, the one first made must prevail, the survey being made from the starting point as indicated by the description. The respondents base their contention upon an incorrect theory, as their north line first fixed runs directly east from the center of First street, and must prevail.

The judgment is reversed, and the cause remanded with instructions to grant a new trial.

HADLEY, C. J., MOUNT, FULLERTON, and ROOT, JJ., concur.